UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| EMANUEL J. CUADRADO-RAMOS, by and through his parents, EMILIO CUADRADO and CYNTHIA RAMOS,<br><br>Plaintiffs,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO and DEPARTMENT OF EDUCATION, through its Secretary Carlos E. Chardón,<br><br>Defendants. | Civil No. 09-1369 (JAF) |

**OPINION AND ORDER**

Before this court is a motion for litigation costs and attorneys' fees (Docket No. 19) filed by Plaintiffs, Emilio Cuadrado and Cynthia Ramos, on behalf of their son, Emanuel Cuadrado-Ramos. Plaintiffs' complaint sought injunctive relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1482, claiming that Defendants, the Commonwealth of Puerto Rico and Secretary Carlos E. Chardón on behalf of Puerto Rico's Department of Education, failed to provide Emanuel Cuadrado-Ramos with a sign-language interpreter, occupational therapist, and certain technology to assist in his education. (Docket No. 1.) The parties have entered into a settlement agreement wherein the Defendants agreed to provide Emanuel with a sign-language interpreter and occupational therapist. (Docket No. 17.)

Plaintiffs filed the present motion seeking $7.348.29 in attorneys' fees and costs. Defendants dispute neither Plaintiffs' entitlement to attorneys' fees under § 615 of the IDEA, 20 U.S.C. § 1415(i)(3)(B), nor the number of hours billed by Plaintiffs. (Docket No. 22.) Defendants do, however, challenge the hourly rates claimed by Plaintiffs' attorneys. (Id.) Attorney Alfredo Fernández-Martínez claims a $200 hourly rate, while attorney Carolina Santa Cruz–Sandurní claims a $125 hourly rate.

I.

**Analysis**

A. **Attorneys' Fees**

To determine a reasonable attorneys' fee, courts must multiply a reasonable hourly rate by the number of hours reasonably spent on the litigation; this figure is known as the "lodestar" and carries a presumption of reasonableness. See Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). In reviewing the hours spent in litigation, it is our duty to disregard duplicative, unproductive or excessive hours. Id. at 295–96. Under the IDEA, a reasonable hourly rate is one "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(c).

Defendants argue that hourly rates claimed by Plaintiffs' attorneys exceed the hourly rates prevailing in the community, a claim that justifies reduction of the requested award under § 1415(i)(3)(F)(ii). (Docket No. 22.) Plaintiffs' motion cited similar IDEA cases litigated by

Civil No. 09-1369 (JAF)                                                                                          -3-

Plaintiffs' counsel before this court, holding that $200 was a reasonable hourly rate. (Docket No. 19 at 6 (citing Zayas v. Puerto Rico, 451 F. Supp. 2d 310 (D.P.R. 2006); Morales v. P.R. Dep't of Educ., 2006 U.S. Dist. LEXIS 67200 (D.P.R. Sept. 15, 2006).) Furthermore, Plaintiffs cite Reyes-Cañada v. Rey-Hernandez, 411 F. Supp. 2d 53 (D.P.R. 2006), another case before this court in which reasonable attorneys' fees sought under 42 U.S.C. § 1988 ranged from $140 to $300. (Docket No. 19 at 6.) Plaintiffs also argue that attorney Fernández-Martínez' education and experience, particularly a history of litigating IDEA cases in federal courts, justify his higher hourly rate of $200. (Id. at 7.) Attorney Santa Cruz–Sandurní, in justifying her $125 hourly rate, cites both the specialized nature of IDEA cases and her having been granted the requested rate in prior cases before this court.

In opposition, Defendants cite the case of Lydia-Vélez v. Socorro-Lacot (Docket No. 28 (English translation of No. KLCE200700613, 2007 WL 4270696 (P.R. Cir. Oct. 16, 2007))), a class-action IDEA suit in which Puerto Rico's Court of Appeals reversed a Court of First Instance's award of attorneys' fees at an hourly rate of $150. (Docket No. 22.) In Lydia-Vélez, the court relied upon a 1993 Circular Memorandum from the Governor's Office that set $125 per hour as the ceiling for the rates at which government agencies could contract for legal services. (Docket No. 28 at 11.) The court then contrasted this figure with the rate paid by the government to court-appointed criminal attorneys, a maximum of $60 per hour. (Id.) "In view of this comparison, we must conclude that the compensation of $125.00 per hour for the legal representatives of the class is more than reasonable for the work involved." (Id.)

Civil No. 09-1369 (JAF)                                                                                          -4-

While the Lydia-Vélez opinion may be evidence of the prevailing rate in this market, there are several reasons why we will not strictly adhere to its reasoning. First, the opinion bases its hourly rate on a Governor's Circular Memorandum that is nearly two decades old. The prevailing rate seventeen years ago is not necessarily the prevailing rate today. Second, under the IDEA we are to determine the prevailing rate by reference to the same "kind and quality of services furnished." § 1415(i)(3)(c). Lydia-Vélez concerns attorneys' fees for cases litigated before the courts of Puerto Rico. Litigating in federal court requires a different skill set and, in most cases, the passage of a separate federal bar exam. See L.Cv.R. 83A, 83C. The prevailing rate for attorneys practicing before the Puerto Rico Court of First Instance, therefore, should not determine the prevailing rate for members of the federal bar. Finally, we find the Court of Appeals' reasoning unconvincing, where the Circular Memorandum cited was intended as a guideline for agencies' contracts for legal services. (See Docket No. 25-2.) It is unclear why the rates Puerto Rico is willing to pay outside contractors for legal representation should dictate the prevailing rate for litigating IDEA claims against Puerto Rico.

Defendants also argue that the rates claimed by Plaintiffs are higher than those normally allowed by this court. They note that the court in Zayas stated that the rates claimed by plaintiffs' counsel, which included attorney Fernández-Martínez, were "higher than the prevailing rate in the community." (Docket No. 22 at 4.) Defendants misconstrue this quote, as the opinion later grants Fernández-Martínez' requested $200 hourly rate, referring to it as "within the higher range of the prevailing rates in Puerto Rico." 451 F. Supp. 2d at 316. It was

Civil No. 09-1369 (JAF)                                                                                              -5-

the rate of a paralegal and an unidentified attorney—not Fernández-Martínez—that the Zayas court found to be above the prevailing rates in Puerto Rico. Id. Defendants further argue that cases cited in Zayas support a lower prevailing rate for representation in an IDEA case. (Docket No. 22 at 5.) Defendants, however, have discussed only four cases of a nine-case string cite in Zayas. The Zayas opinion noted that the remaining five cases found the upper range of reasonable attorneys' fees to be higher, ranging from $175 to $250. 451 F. Supp. 2d at 315–16. In light of these figures, and the cases cited by Plaintiffs, we find that Plaintiffs' requested hourly rate for attorney Fernández-Martínez, $200, is reasonable. Similarly, we reject Defendants' request to reduce attorney Santa Cruz–Sandurní's rate from $125 to $75 per hour and, instead, set fees for her services at the requested hourly rate.

We turn now to the reasonableness of the number of hours billed. (Docket No. 19-2).[1] Upon review, we find the Plaintiffs' time sheet to be reasonable in all respects, except its misuse of quarter-hour billing increments. Plaintiffs' time sheet reveals quarter-hour billing for the review of court orders that would take no more than a few moments to read. (See, e.g., Docket No. 19-2 at 4 (quarter-hour billing for review of Order Allowing Motion to Appear—an order

---

[1] As stated above, Defendants have not challenged the total number of hours claimed by Plaintiffs. In construing the provisions of the IDEA, however, persuasive authority can be found in cases decided under "kindred federal fee-shifting statutes," such as 42 U.S.C. § 1988. New Hampshire v. Adams, 159 F.3d 680, 684 (1st Cir. 1998). The "reasonable attorney's fee" language of § 1988 has been interpreted to require courts to investigate the reasonableness of an attorney's fee even where it is not opposed. See Wojkowski v. Cade, 725 F.2d 127, 130 (1st Cir. 1984). Given the nearly identical language of 42 U.S.C. § 1988(b) ("the court, in its discretion may allow the prevailing party . . . a reasonable attorney's fee as part of the costs") and 20 U.S.C. § 1415(i)(3)(B)(i) ("the court, in its discretion, may award reasonable attorneys' fees as part of the costs"), and given the First Circuit's interpretation of the IDEA in Adams, we have a duty to scrutinize the reasonableness of attorneys' fees claimed in this case.

Civil No. 09-1369 (JAF) -6-

twelve words long).) In Diffenderfer v. Gómez-Colón, we imposed a twenty percent across-the-board reduction of the attorney's fee award where over fifty menial items that normally would take only several minutes were billed at quarter-hour increments. 606 F. Supp. 2d 222, 229 (D.P.R. 2009), affirmed 587 F.3d 445, 456 (1st Cir. 2009). Such instances of over-billing in this case were fewer and less egregious than in Diffenderfer. We, therefore, impose a five percent reduction to the total amount of Plaintiffs' attorneys' fees award. Plaintiffs are awarded fees as follows:

| Attorney | Number of Hours | Hourly Rate | Totals |
|---|---|---|---|
| Fernández-Martínez | 13.75 | $200 | $2,750.00 |
| Santa Cruz–Sandurní | 32.5 | $125 | $4,062.50 |
| | | | $6,812.50 |
| | | **Minus 5% for quarter-hour billing** | -$340.62 |
| | | | $6,471.88 |

**B.    Litigation Costs**

Federal Rule of Civil Procedure 54(d)(1) states that costs should be allowed to a prevailing party, unless a statute, Federal Rule of Civil Procedure, or court order states otherwise. The costs allowed by the IDEA are enumerated in 28 U.S.C. § 1920. See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 297–98 (2006). Plaintiffs claim $685.79 as taxable costs, including photocopies, translation services, and an unspecified "payment to the district court." (Docket No. 19 at 8.) While the photocopying charges in Plaintiffs' bill of costs

Civil No. 09-1369 (JAF)                                                                                                      -7-

are vague, Plaintiffs' motion explains that these were copies made of the complaint, attachments, and exhibits. We accept this explanation and approve Plaintiffs' request for the taxation of $2.10 in photocopy costs. But Plaintiffs fail to provide any supporting documentation or other proper explanation of the remaining costs claimed. These include $333.69 for "translation services" and a $350 "out of pocket payment to U.S. District Court." (Docket 19-2 at 4.) Plaintiffs provide neither receipts nor further explanation of the purpose of these costs or their relation to the conduct of this litigation. We, therefore, award these costs, conditioned upon the filing of receipts and a brief explanation **before next Friday, April 9, 2010, at 5:00 P.M.**

## IV.

## Conclusion

We hereby **GRANT IN PART** Plaintiffs' motion for attorneys' fees (Docket No. 19). We award Plaintiffs $6,471.88 in attorneys' fees and $685.69 in litigation costs, for a total of $7,157.57.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 31st day of March, 2010.

                                           s/José Antonio Fusté
                                           JOSE ANTONIO FUSTE
                                           Chief U.S. District Judge